1
2
3
4
5
6

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

7

| JOAQUIN G. CASTELLANOS, | 2:09-CV-1378 JCM (PAL) |

8          Plaintiff,

9    v.

10   ARAMARK CORPORATION and
11   TONY RODRIGUEZ,

12          Defendants.

13

14                          **ORDER**

15          Presently before the court is defendants Aramark Corporation and Tony Rodriguez's motion

16   for summary judgment or, in the alternative, summary adjudication. (Doc. #31). Pro Se plaintiff

17   Joaquin G. Castellanos failed to file an opposition. Defendants filed a notice of non-receipt of

18   opposition. (Doc. #36).

19          The plaintiff's complaint (doc. #9) stems from the alleged discrimination he suffered during

20   his employment as a banquet server for defendant Aramark Corp. On April 2, 2010, he filed a civil

21   rights complaint pursuant to 42 U.S.C § 1983, alleging that he suffered discrimination, harassment

22   and retaliation from manager defendant Tony Rodriguez. (Doc. #9). After the defendants filed their

23   answer to the complaint (doc. #17), the court held an early neutral evaluation conference on October

24   15, 2010, before Magistrate Judge George Foley, Jr. (Doc. #25). No settlement was reached at the

25   conference. *Id.*

26   **Motion for Summary Judgment /Summary Adjudication**

27          Defendants filed their motion for summary judgment (doc. #31) on February 24, 2011, and

28

**James C. Mahan**
**U.S. District Judge**

plaintiff's opposition was due on March 18, 2011. As no opposition was filed, defendants filed a notice with the court, notifying it that plaintiff failed to oppose the motion and asking the court to grant the motion for summary judgment (doc. #31). In the motion (doc. #31), defendants assert that plaintiff's claims fail because (1) he cannot establish a claim under 42 U.S.C. § 1983, since he does not allege a state action, (2) he cannot demonstrate a *prima facie* case of discrimination based on his national origin, (3) his employment was terminated for legitimate, non-discriminatory reasons, and (4) his claim of harassment does not rise to the level of "sufficiently severe or pervasive."

### A.      Failure To File An Opposition

Pursuant to Local Rule 7-2(d), a non-moving party's failure to file points and authorities in response to a motion for summary judgment shall constitute a consent to the granting of the motion. However, as the Ninth Circuit enumerated in *Martinez v. Stanford*, 323 F.3d 1178 (9th Cir.2003), a district court cannot grant a motion for summary judgment merely based on the fact that the opposing party failed to file an opposition. The court in *Martinez* held that the failure to oppose the motion does "not excuse the moving party's affirmative duty under [r]ule 56 to demonstrate its entitlement to judgment as a matter of law." *Id.*

In the case before the court, summary judgment is appropriate not only because plaintiff failed to file an opposition in accordance with the local rules, but because the defendants have demonstrated to the court that there are no genuine issues of material fact precluding summary judgment under Federal Rule of Civil Procedure 56.

### B.      Summary Judgment/Adjudication Standard

Summary judgment/adjudication is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment/adjudication as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Federal Rule of Civil Procedure 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630

James C. Mahan
U.S. District Judge

1  (9th Cir.1987). The purpose of summary judgment/adjudication is to "pierce the pleadings and assess

2  the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586;

3  *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir.1985).

4      The moving party bears the burden of informing the court of the basis for its motion, together

5  with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v.*

6  *Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to

7  summary judgment/adjudication if the non-moving party fails to present, by affidavits, depositions,

8  answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue

9  for trial." *Celotex Corp.*, 477 U.S. 317, 324; Fed. R. Civ. P. 56(c).

10          **1.    Claims Under 42 U.S.C § 1983**

11      A claim under section 1983 must allege that a party, acting under color of state or local law,

12  deprived the plaintiff of any of his rights under the Constitution or the laws of the United States. 42

13  U.S.C. § 1983. The statute does not apply to claims against private employers, and can only survive

14  against a state actor. *See Rendell-Baker v. Kohn,* 457 U.S. 830 (1982). Here, plaintiff filed a civil

15  rights complaint under section 1983 (doc. #9), alleging discrimination, harassment, and retaliation

16  by his employer. Since there can be no dispute as to the fact that his employer is a private

17  corporation, not a state actor, all of his claims under section 1983 fail and summary judgment is

18  warranted.

19          **2.    Claims Under 42 U.S.C. § 1981**

20      Defendants ask this court to grant summary adjudication on plaintiff's claims of

21  discrimination, harassment and retaliation, because even if they were brought under section 1981

22  based on national origin, there are no genuine issues of material fact.

23              **a.    Relevant Facts**

24      Plaintiff is a Cuban-American who was employed as a banquet server by defendant Aramark

25  and under the managerial supervision of defendant Rodriguez from 2003 to 2007. (Doc. #9). While

26  plaintiff was employed in this position, he was a member of the Culinary Worker's Union and was

27  one of the senior servers "assigned to high profile and lucrative events." *Id.*

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

Beginning in January of 2006, and continuing until November 30, 2006, plaintiff began to perform below the level required by the defendants, causing him to receive five disciplinary warnings. *Id.* These disciplinary warnings were the result of missing delivery dates, setting up a customer's lunch service in the wrong room, failing to properly set up the meal service for a VIP meeting, failing to use proper safety procedures, and delivering an order incomplete. *Id.* On February 15, 2007, plaintiff received his sixth disciplinary warning for displaying "unprofessional behavior toward a coworker, deliver[ing] his service in an untimely manner, fail[ing] to properly set out the lunch service, and fail[ing] to take direction from management and lead servers." *Id.* Consequently, on that date, a lead server submitted a written statement to human resources complaining about the plaintiff's performance, and defendant Aramark terminated his employment. *Id.*

Following his termination, the plaintiff's coworkers signed a petition stating that they would no longer work with him because of his "unsafe work practices" and "rude and elicit [sic] behavior." (Doc. #33 Exhibit H). On March 1, 2007, the plaintiff filed a grievance with the union regarding his termination and discipline. (Doc. #33). Notably, the complaint did not mention discrimination in any manner. *Id.* After a meeting was held on the matter, Aramark agreed to reinstate him conditioned on the following terms; (1) Aramark would not compensate him for back pay, (2) plaintiff would retain the same seniority that he had previously held, and (3) he would be placed on a six-month performance improvement plan. *Id.* Further, the parties agreed that any future incidents of unsatisfactory performance would result in the termination of his employment. *Id.*

Shortly after the parties entered into this arrangement, plaintiff was issued disciplinary warnings for unacceptable performance and for failing to appear for training that was a mandatory part of his performance improvement plan. *Id.* Additionally, a client filed a complaint with Aramark asserting that it was concerned for the safety of the people in attendance, when plaintiff caused a tray of coffee cups and saucers to fall to the ground during a VIP event. *Id.* Consequently, on July 19, 2007, after *three* disciplinary issues, defendant terminated plaintiff's employment.

**b.** ***Prima Facie* Discrimination**

In order for plaintiff to establish a *prima facie* claim for national origin discrimination,

James C. Mahan
U.S. District Judge

plaintiff must establish that (1) he belongs to a protected class, (2) his job performance was satisfactory, (3) he suffered some adverse employment action, and (4) the action occurred under circumstances suggesting a discriminatory motive. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Fonseca v. Sysco Food Services of Arizona, Inc.,* 374 F.3d 840, 850 (9th Cir. 2004).

Here, the evidence demonstrates that there are no issues surrounding the fact that plaintiff's job performance was *un*satisfactory. He was given several opportunities to correct his performance, yet continued to get disciplinary warnings which ultimately led to his termination. (Docs. #31 and #33). Additionally, there is no evidence presented by the plaintiff that there was any discriminatory motive underlying his termination, and he does not allege that his termination was discriminatory in his complaint. (Doc. #9). Lastly, the person accused of discrimination, defendant Rodriguez, is of the same national origin as the plaintiff, Cuban-American, which gives rise to an inference of nondiscrimination. *See Elrod v. Sears, Roebuck and Co.,* 939 F.2d 1466, 1471 (11th Cir. 1991).

Thus, summary adjudication is appropriate on any claim for national origin discrimination brought under section 1981.

### c.    Harassment Claim

To bring a claim for harassment, plaintiff must prove that he experienced harassment on the basis of his national origin that was "sufficiently severe and pervasive" to alter the conditions of his employment and create an abusive working environment. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67 (1986). The court looks at the totality of the circumstances, including the severity of the conduct, whether or not it is physically threatening or humiliating, the frequency, the number of days over which it occurred, and the context. *Id.*

In his complaint (doc. #9), plaintiff alleges that defendant Rodriguez harassed him by "assigning him more work than his coworkers, speaking Spanish to him, standing over him and watching every move while he set up for his assignments, and continually checking his work and disturbing his process." As that is the factual basis for plaintiff's harassment claim, the court finds that the claim does not rise to the requisite level of severity, offensiveness, or frequency to support a finding that the conditions of his employment were "altered" or "abusive." *Meritor Savings Bank,*

James C. Mahan
U.S. District Judge

1    477 U.S. 57, 67; *See also Vasquez v. County of Los Angeles,* 349 F.3d 534, 642-44 (9th Cir. 2004).

2    Therefore, summary adjudication is warranted on any claim under section 1981 for harassment.

3                          **c.    Retaliation Claim**

4            In a claim for retaliation, plaintiff has the burden of proving that (1) he engaged in a

5    statutorily protected activity, (2) he suffered an adverse action taken by his employer, and (3) there

6    was a casual connection between the two. *Poland v. Chertoff,* 494 F.3d 1174 (9th Cir. 2007).

7    Summary adjudication is appropriate on this claim because the evidence is undisputed that plaintiff

8    did not engage in any protected activity, i.e. he did not file a grievance or complain of discrimination

9    or harassment to anyone from Aramark during the time he was employed. (Doc. #33). Specifically,

10   he did not complain of discrimination during the grievance process, and it wasn't until two years

11   *after* his termination in 2007, that he made any allegations of discrimination. *Id.* Therefore, summary

12   adjudication is appropriate on any claim of retaliation brought under section 1981.

13           Accordingly,

14           IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Aramark

15   Corporation and Tony Rodriguez's motion for summary judgment or, in the alternative, summary

16   adjudication (doc. #31)be, and the same hereby is, GRANTED.

17           DATED May 26, 2011.

18

19                          _____

20                          **UNITED STATES DISTRICT JUDGE**

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                    - 6 -